**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAVID O'BERRY HEARN,

    Petitioner,

v.                                      Case No. 3:07-cv-1218-J-32MCR

WALTER A. MCNEIL, et al.,

    Respondents.

**ORDER**

**I. Status**

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition (Doc. #1) and Memorandum in Support of Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. #2) (hereinafter Petitioner's Memorandum). Petitioner challenges his 2005 state court (Nassau County) conviction on the ground that the trial court erred in denying his motion to suppress because he was subjected to an unreasonable search and seizure in violation of the Fourth Amendment.

Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. #13) (hereinafter Response). Petitioner has replied. See Reply to Respondents' Response to Petition for Writ of Habeas Corpus (Doc. #16). Thus, this case is ripe for review.[1]

---

[1] Respondents have set forth the state court procedural history in their Response. See Response at 1-3. They also assert that the Petition was timely filed. Id. at 4. Thus, this Court will not repeat the procedural history.

1

## II. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

## III. Findings of Fact and Conclusions of Law

Petitioner asserts that the trial court erred in denying his motion to suppress because he was subjected to an unreasonable search and seizure in violation of the Fourth Amendment. Petitioner contends that there was insufficient probable cause to support the issuance of the search warrant. Specifically, he alleges:

> Detective Richard Hayes' probable cause affidavit demonstrates within itself that there was insufficient probable cause to support the issuance of a search warrant. During an alleged controlled buy that was used as a basis for probable cause, Hayes did not properly supervise nor constantly monitor his informant. Hayes did not produce the alleged tape recording that was alluded to in his affidavit and also was used as a basis of probable cause. The alleged tape was not produced and entered into evidence. Hayes' informant was not properly supervised or constantly monitored. Therefore, these elements used in successfully executing a controlled buy can not be used for the finding of probable cause in Hayes' affidavit. Without

> these key elements, no other factual evidence remains in Hayes'
> affidavit to support probable cause.

Petitioner's Memorandum at 1 (some capitalization omitted).

Respondents contend, and this Court agrees, that this claim is procedurally barred. On direct appeal, Petitioner raised only one claim, that the trial court erred in denying his motion to suppress because the search of Petitioner's garage was not within the confines of the search warrant. See Ex.[2] F. Petitioner did not advance on direct appeal the argument he now presents in this Petition that there was insufficient probable cause to support the issuance of the search warrant.

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. See Castille v. Peoples, 489 U.S. 346, 349, reh'g denied, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner, 339 F.3d at 1281 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)). "This exhaustion doctrine 'is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts.'" Turner, 339 F.3d at 1281 (quoting O'Sullivan, 526 U.S. at 845).

Proper exhaustion also requires an applicant to present his claims in state court "in a procedurally correct manner." Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995)

---

[2] The Court hereinafter refers to the Exhibits to Response to Petition for Writ of Habeas Corpus (Doc. #15) as "Ex."

(citations omitted). Procedural default may result from non-compliance with state procedural requirements. See Coleman v. Thompson, 501 U.S. 722, 729-30, reh'g denied, 501 U.S. 1277 (1991). "A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999) (per curiam) (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

Petitioner attempted to raise the current claim before this Court in a motion for post-conviction relief filed pursuant to Fla. R. Crim. P. 3.850, and the circuit court erroneously found that the claim had been raised and ruled upon on direct appeal and would not be reconsidered. See Ex. I at 48. However, Petitioner's search and seizure claim was due to be denied as procedurally barred because it presented an issue that should have and could have been raised on direct appeal. See Fla. R. Crim. P. 3.850(c) (stating that Rule 3.850 "does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence"); Suggs v. State, 923 So.2d 419, 439 (Fla. 2005) (per curiam) (affirming the circuit court's finding that a claim alleging an illegal search and seizure was procedurally barred in post-conviction proceedings because it should have been raised on direct appeal).

Thus, the trial court reached the right result (the claim was procedurally barred) for the wrong reason. In such cases, the Florida appellate courts routinely affirm the trial court's decision. "This longstanding principle of appellate law, sometimes referred to as the 'tipsy

4

coachman'[3] doctrine, allows an appellate court to affirm a trial court that 'reaches the right result, but for the wrong reasons[.]'" Robertson v. State, 829 So.2d 901, 906 (Fla. 2002) (quoting Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla. 1999)).

> [T]he "tipsy coachman" doctrine . . . permits a reviewing court to affirm a decision from a lower tribunal that reaches the right result for the wrong reasons so long as "there is any basis which would support the judgment in the record." Dade County School Board v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla. 1999).
>
> As [the Florida Supreme] Court recently reiterated in Robertson v. State, 829 So.2d 901 (Fla. 2002), the key to applying the tipsy coachman doctrine is that the record before the trial court must support the alternative theory or principle of law. See Robertson v. State, 829 So.2d at 906; see also State Dept. of Revenue ex rel. Rochell v. Morris, 736 So.2d 41, 42 (Fla. 1st DCA 1999).

State Farm Fire & Cas. Co. v. Levine, 837 So.2d 363, 365 (Fla. 2002).

In this case, The First District Court of Appeal summarily affirmed the circuit court's order, without stating the basis for its decision. Ex. L. The Eleventh Circuit has stated that "[w]hen a state court issues a summary denial on a claim that is procedurally barred and nothing in the disposition discusses the merits of the federal claim, we 'cannot assume that had the [state court] explained its reasoning, it would have reached the merits of [the] claim.'"

---

[3] The "tipsy coachman" doctrine stems from the opinion in Carraway v. Armour & Co., 156 So.2d 494, 497 (Fla. 1963), where the court quoted the following portion of Oliver Goldsmith's poem entitled "Retaliation."

> The pupil of impulse, it fore'd [sic] him along,
> His conduct still right, with his argument wrong;
> Still aiming at honour, yet fearing to roam,
> The coachman was tipsy, the chariot drove home[.]

5

Zeigler v. Crosby, 345 F.3d 1300, 1310 (11th Cir. 2003) (per curiam) (quoting Kight v. Singletary, 50 F.3d 1539, 1545 (11th Cir. 1995)). Here, neither the circuit court nor the appellate court discussed the merits of Petitioner's search and seizure claim. Thus, this Court assumes that the First District Court of Appeal employed the "tipsy coachman" doctrine and enforced the firmly established and regularly followed procedural bar set forth in Fla. R. Crim. P. 3.850(c). Accordingly, Petitioner's current claim is procedurally defaulted.

"Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice." Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540 U.S. 1222 (2004). "[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)), cert. denied, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Thus, the Court will not address the merits of Petitioner's procedurally barred claim in ground one.

Even assuming the claim is not procedurally barred, Respondents contend that under the principles of Stone v. Powell, 428 U.S. 465 (1976), federal habeas review of Petitioner's

6

illegal search and seizure claim is not cognizable in this proceeding because Petitioner had a full and fair opportunity to litigate his Fourth Amendment issue in state court.

> [W]hen "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976) (footnotes omitted). Thus, before [this Court] may review the merits of [Petitioner's] Fourth Amendment claim, [he] must demonstrate that the state courts deprived him of a full and fair opportunity to litigate the claim.
>
> In Tukes v. Dugger, 911 F.2d 508, 513-14 (11th Cir. 1990), [the Eleventh Circuit Court of Appeals] said this in applying Stone: "For a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court."

Peoples v. Campbell, 377 F.3d 1208, 1224 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

In this case, defense counsel filed a pretrial motion to suppress, in which he advanced several grounds for suppressing the evidence, including the following: "[t]he probable cause basis for the search warrant is based on a controlled buy by an unidentified [confidential informant] who has not been established by the affiant in the affidavit as reliable or credible." Ex. B at 28. The trial court heard testimony on the motion and allowed both parties to present argument. Ex. C. This Court has reviewed the record of the suppression hearing and finds Petitioner had a full and fair opportunity to argue his Fourth Amendment claim in state court. In addition, on direct appeal, Petitioner argued that the trial court erred in

7

denying his motion to suppress (however, as noted above, the argument on appeal was that the trial court erred in denying the motion to suppress because the search of Petitioner's garage was not within the confines of the search warrant), and the trial court's decision with regard to this issue was affirmed. Ex. F; Ex. H. In sum, Petitioner was afforded every full and fair opportunity to litigate and have adjudicated his Fourth Amendment claim; therefore, under Stone v. Powell, he should not be permitted to further litigate the claim in this Court. Thus, this ground for relief is barred.[4]

## IV. Certificate of Appealability

If Petitioner appeals the denial of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484.

---

[4] Even assuming consideration of Petitioner's claim is not barred, it is without merit for the reasons stated by the Respondents in their Response. See Response at 11-16.

8

However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Here, after consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of June, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 4/22
c:
David O'Berry Hearn
Counsel of Record